(29 Misc. Rep. 127.)

## NEW YORK CONDENSED–MILK CO. v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Term.   October 4, 1899.)

STREET RAILROADS—INJURY TO WAGON ON TRACK—CONTRIBUTORY NEGLIGENCE.
    A driver of a milk wagon left it on an electric railroad track while he
    went down a side street to deliver milk to customers.   The wagon was
    painted white, and was without lights.   The snow was piled up on either
    side of the railroad track, and there had been ·a fall of snow during the
    preceding night, so that the side street was covered to a depth of 12 or 14
    inches, but not so deep but that it could have been driven through, though
    the driver did not think it was possible.   The driver knew that cars were
    constantly passing and to be expected, and that his wagon was not likely
    to be seen, because at that place the road was covered over by the struc-
    ture of the elevated railway.   *Held,* that the negligence of the driver was
    such as to prevent a recovery.

Appeal ·from municipal court, borough of Manhattan, First dis-
trict.

Action by the New York Condensed-Milk Company against ·the
Nassau Electric Railroad Company.   From a judgment for plaintiff,
defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

John M. Ward, for appellant.
Thomas M. Rowlett, for respondent.

MacLEAN, J.   The defendant appeals herein to set aside a re-
covery for injury done by one of its cars to a milk wagon, with
its contents, left upon a railway track a little before sunrise, while
the driver went down a side street to deliver milk to three cus-
tomers, halfway down the block.   As stated by the driver, the wagon
was painted white, and without lights.   The snow was piled up on
either side of the railway track, and there had been a fall of snow
during the preceding night, so that the side street was covered to
the depth of 12 or 14 inches,—so deep that he thought he could not
drive through it.   The superintendent of the company admitted that,
though difficult, ·it was possible to drive through the snow upon
the side street, and a truckman, called as a witness by the plain-
tiff, testified that he had driven just before the accident through the
next side street, which was in the same condition as the one upon
which the customers lived.   As the driver knew, cars were con-
stantly passing and to be expected, yet he left his wagon upon
the track, where it was not likely to be seen; for, although there
may have been bright moonlight that morning, the place of the col-
lision was dark, because it was covered over by the structure of
the elevated railway.   This was gross carelessness, contributing to
the accident, and· therefore the judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the
appellant to abide the event.   All concur.